AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States of America )
v. )
Juan SARQUIS Jr. )  Case No.  M-14-519-m
YOB: 1993 )
COB: USA )
)
)
_____ )
*Defendant(s)*

*United States District Court*
*Southern District of Texas*
*FILED*
*MAR 1 5 2014*
*Clerk of Court*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 14, 2014_____ in the county of _____Hidalgo_____ in the
_____Southern_____ District of _____Texas_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Knowingly and Intentionally Possess With Intent to Distribute a Controlled Substance/Approximately 13.42 kilograms of crystal methamphetamine, a Schedule II Controlled Substance under the Controlled Substance Act. |
| 21 U.S.C. § 952 | Importation of a Controlled Substance/Approximately 13.42 kilograms of crystal methamphetamine, a Schedule II Controlled Substance under the Controlled Substance Act. |

This criminal complaint is based on these facts:

See "Attachement A"

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Serge, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____03/15/2014_____

_____
*Judge's signature*

City and state: _____McAllen, Texas_____

Dorina Ramos, U.S. Magistrate Judge
*Printed name and title*

ATTACHMENT A

On March 14, 2014, at approximately 21:07 hours, a Homeland Security Investigations, McAllen, Texas (HSI McAllen) Special Agent (SA) was contacted by U.S. Customs and Border Protection Officers (CBPOs) at the Hidalgo, Texas Port of Entry (Hidalgo POE) and advised of the following facts:

At approximately 20:35 hours, a white taxi (Mexican license plate: 2396ZXN) attempted to make entry into the U.S. The driver of the taxi claimed that the male passenger (Juan SARQUIS Jr.) had a box in the trunk of the taxi. CBPO Langner opened the box and observed bags of candy and five (5) food cans. CBPO Langner observed that the labels of the cans were re-glued. Upon shaking the cans, CBPO Langner noticed that the contents of the cans did not sound consistent to the product the cans' labels described.

CBPO Langner obtained a negative oral declaration from SARQUIS for alcohol, tobacco, firearms, ammunition, narcotics, and currency over $10,000. SARQUIS stated that he traveled to Reynosa, Mexico to visit an aunt. SARQUIS claimed ownership of the box and its contents. SARQUIS further stated that his aunt had given him the box and its contents for SARQUIS's sister who was going to arrive from Dallas, Texas. CBPO Langner referred SARQUIS to CBPO secondary for further inspection.

CBPO Balli subsequently obtained a negative oral declaration from SARQUIS. Minutes later, CBPO Balli requested assistance from CBP Canine Enforcement Officer (CEO) Meza and his canine partner, "George," (CK-16). CEO Meza observed George alert to the possible odor of narcotics on the cans. Further inspection revealed that four (4) of the five (5) cans contained a substance that field-tested positive for the properties of crystal methamphetamine. The gross weight of the four cans was approximately 13.42 kilograms.

HSI SAs arrived, read SARQUIS his rights, and conducted an interview. In his post-Miranda statement, SARQUIS stated that he was going to visit his aunt. SARQUIS later recanted this statement and stated that he was paid $1,200 to bring narcotics into the U.S. SARQUIS stated that he didn't know the narcotics were crystal meth. SARQUIS further stated that he was told he was transporting three (3) little bags of liquid heroin.